## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UBALDO HERRERA-HERNANDEZ, )
                                        )

      Petitioner, )

v. )     Case No. CIV-26-1473-SLP
                                       )

MARKWAYNE MULLIN, et al., )

      Respondents. )

### ORDER DIRECTING RESPONDENTS TO SHOW CAUSE

Before the Court is a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. Petitioner is an immigration detainee at Diamondback Correctional Facility in Watonga, Oklahoma. The Court has conducted a preliminary review of the Petition, and finds that Petitioner seeks relief, in-part, on the basis that Respondents have unlawfully detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(a). This case is representative of the multitude of cases filed nationwide in which courts have been called upon to interpret whether the detention of similarly situated immigration detainees is governed by the mandatory detention scheme of § 1225(b)(2)(a) or the permissive detention scheme of 8 U.S.C. § 1226(a). This Court has previously determined that § 1226(a) governs. *See, e.g.*, *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026).[1] Accordingly, within seven days of the date of this Order,

---

[1] The Court's ruling is consistent with the current majority of circuit courts of appeal. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026) (addressing the statutory interpretation of § 1225 and § 1226 at issue and joining the Second and Eleventh Circuits in concluding that § 1225(b)(2)(A) does not apply to immigration detainees like Petitioner). The Tenth Circuit has not

Respondents are directed to SHOW CAUSE why the Petition should not be granted. Respondents shall specifically address how this case differs factually or legally from this Court's prior determination and the determination of the majority of the circuit courts. Respondents shall provide any documentation relevant to Petitioner's detention in light of the issues raised in the Petition. Respondents are further directed to SHOW CAUSE why Petitioner should not be granted a bond hearing under 28 U.S.C. § 1226(a).

IT IS THEREFORE ORDERED as follows:

1.      The Clerk of Court is directed to provide copies of the Petition [Doc. No. 1] and this Order to the United States Attorney for the Western District of Oklahoma on Respondents' behalf.

2.      Respondents shall SHOW CAUSE within seven days of the date of this Order, as DIRECTED.

IT IS SO ORDERED this 30th day of June, 2026.

_____

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

yet ruled on the issue, although a determination appears to be imminent in a pending case. *See Santillan Quiroz v. Mullin, et al.*, Case No. 26-6019 (10th Cir.) (oral argument conducted on May 12, 2026).

2